**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELIZABETH and KEITH WHITE, | : | C.A. No. 07-200-ML |
| Plaintiffs, | : | |
| v. | : | |
| AMERICAN HOME MORTGAGE CORP., | : | |
| American Home. | : | |

**ANSWER**

COMES NOW defendant American Home Mortgage Corp. d/b/a American Brokers Conduit ("American Home"), through counsel, and for its Answer to plaintiffs' Complaint sets forth as follows:

**INTRODUCTION**

1. American Home avers that the allegations of this paragraph are characterizations of the Complaint itself to which no response is required. To the extent a response may be required, American Home denies the allegations of this paragraph.

**JURISDICTION AND VENUE**

2. American Home avers that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response may be required, but only to that extent, American Home admits the allegations of this paragraph.

3. American Home avers that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response may be required, but only to that extent, American Home admits the allegations of this paragraph.

## PARTIES

4. American Home avers that it lacks knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, denies the same.

5. Admitted.

6. Admitted.

7. American Home avers that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response may be required, but only to that extent, American Home admits the allegations of this paragraph.

8. Denied.

## FACTS

9. Denied. American Home further avers that plaintiffs obtained a loan on September 26, 2006, not September 27, 2006.

10. Admitted. American Home further avers that plaintiffs received the specified documents on September 26, 2006.

11. American Home admits only that plaintiffs sent a copy of the document attached as Exhibit B to their Complaint, and denies all other allegations of this paragraph.

12. Denied. American Home further avers that plaintiffs have no right to demand rescission of the loan.

## COUNT I
## (Truth in Lending Act)

13. American Home incorporates the averments of the foregoing paragraphs as if fully set forth herein.

14. American Home avers that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response may be required, but only to that extent, American Home admits the allegations of this paragraph.

15. Denied.

16. Denied.

17. American Home avers that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response may be required, but only to that extent, American Home admits the allegations of this paragraph.

**PRAYER FOR RELIEF**

American Home denies that plaintiffs are entitled to any relief. American Home further denies all allegations not previously admitted or denied, including any titles, headers or footnotes in plaintiffs' Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

American Home, through counsel, asserts affirmative and other defenses to plaintiffs' Complaint as follows:

**FIRST DEFENSE**

1. Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

**SECOND DEFENSE**

2. Plaintiffs' claims are barred to the extent they lack a basis in fact or law. Among other things, plaintiffs are factually incorrect in asserting that they obtained a loan from American Home on September 27, 2006.

**THIRD DEFENSE**

3. Plaintiffs' claims are barred or reduced by their assumption of the risk, contributory negligence, mistake, or fraud.

**FOURTH DEFENSE**

4. Plaintiffs' claims are barred or reduced to the extent any injury to plaintiffs was caused by the acts or omissions of third parties for whom American Home is not responsible.

**FIFTH DEFENSE**

5. Plaintiffs are barred from entitlement to any relief by virtue of their unclean hands and breaches of statutory, common law, and other duties.

**SIXTH DEFENSE**

6. Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose.

**SEVENTH DEFENSE**

7. Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTH DEFENSE**

8. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**NINTH DEFENSE**

9. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**TENTH DEFENSE**

10. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

**ELEVENTH DEFENSE**

11. Plaintiffs' claims are barred to the extent they lack standing or capacity to sue.

**TWELFTH DEFENSE**

12. Plaintiffs failed to mitigate their alleged damages.

**THIRTEENTH DEFENSE**

13. American Home is entitled to an offset of any liability it may have.

**FOURTEENTH DEFENSE**

14. Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds. To the extent that plaintiffs failed to set forth their claims with sufficient particularity to permit American Home to determine all applicable and available defenses, American Home reserves the rights to amend and/or supplement this Answer with additional defenses when and if such information is ascertained.

WHEREFORE, American Home demands judgment in its favor and against plaintiffs, together with the costs of this civil action and reasonable attorneys' fees, that the Court dismiss this civil action with prejudice, and such other and further relief as the Court deems appropriate.

Respectfully submitted,

Carl S. Levin, Esq. #3336
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
(401) 751-1500 ext. 26
(401) 751-4124
clevin@agglaw.com

David M. Souders, Esq.*
Brian P. Perryman, Esq.*
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
(202) 628-2000
(202) 6282011
souders@wbsk.com
perryman@wbsk.com

**Pro hac vice admission pending*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I sent via first-class mail, postage prepaid, a true copy of the foregoing Answer on this 20th day of July, 2007, to the following counsel of record:

Christopher M. Lefebvre, Esq.
Family and Consumer Law Center
Two Dexter Street, P.O. Box 479
Pawtucket, Rhode Island 02862